<u>P L A N</u>

OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF
WISCONSIN PURSUANT TO THE CRIMINAL JUSTICE ACT
OF 1964, AS AMENDED

Pursuant to the provisions of Criminal Justice Act of 1964, (18 U.S.C.
3006A) as amended by the Act of October 14, 1970 (P.L. 91-447, 91st Cong.,
84 Stat. 916), the judges of the United States District Court for the Eastern
District of Wisconsin have adopted the following amended Plan for the adequate
representation of any person otherwise financially unable to obtain adequate
representation,

(1) who is charged with a felony or misdemeanor (other than a petty
offense as defined in 18 U.S.C. 1(3)), or with juvenile deliquency by the
commission of an act which, if committed by an adult, would be such a felony
or misdemeanor or with a violation of probation, or

(2) who is under arrest, when such representation is required by law, or

(3) who is subject to revocation of parole, in custody as a material
witness, or seeking collateral relief, subject to the conditions of 18 U.S.C.
3006A(g) as amended, or

(4) who is a person for whom the Sixth Amendment to the Constitution
requires the appointment of counsel, or for whom, in a case in which he faces
loss of liberty, any Federal law requires the appointment of counsel. Represen-
tation shall include counsel and investigative, expert, and other services
necessary for an adequate defense.

I. <u>Panels of Attorneys</u>

A. <u>General Panel</u>
All attorneys who are active members of the State Bar of Wisconsin who are
admitted to practice before this court shall comprise the panel of attorneys
eligible for appointment under this Plan. The Clerk of Court shall obtain the
roster of active members practicing in this district, their office address and
telephone numbers and shall, in cooperation with the State Bar, keep the roster
of eligible attorneys current.

When any attorney is appointed to act, the U.S. magistrate or the district
judge so appointing shall notify the Clerk of Court of the appointment. The
clerk shall keep a record of such appointments and upon request shall furnish
the judges and magistrates with a list of the appointments which have been
made.

B.   Sub-panel

A sub-panel of attorneys shall be established by the Chief Judge of this court from the list of attorneys qualified to act who have declared their willingness to be "on call" to render services to persons under arrest where such representation is required by law and in any other situations where the immediate services of an attorney are required.  Additions to and deletions from the sub-panel may be made from time to time by the Chief Judge.

II.   Determination of Eligibility and Appointment of Counsel

A.   Criminal Cases

1.   Advising defendant of rights.

In every criminal case in which the defendant is charged with a criminal offense covered by the Act (see paragraph 1 of preamble) he shall be advised as promptly as possible by a judicial officer of his right to be represented by counsel throughout the case and that counsel will be appointed to represent him if he so desires and if he is financially unable to obtain counsel.

2.   Before the Magistrate:

When a defendant is presented to the magistrate in a criminal case it shall be the duty of the magistrate to advise the defendant of his right to counsel under the act and to determine the financial eligibility of defendant for appointed counsel if the defendant desires counsel to be appointed for him.  The magistrate shall obtain an affidavit of his financial ability from the defendant on the form prescribed by the Administrative Office of the United States Courts and upon said affidavit and any further inquiry deemed necessary shall promptly appoint counsel from the panel of attorneys designated in Sec. I of this Plan if he finds the defendant financially unable to obtain counsel.

3.   Before the Court:

When a case is pending before the court and the Clerk of Court learns from the report of the magistrate, the U.S. Attorney, the U.S. Marshal, the party himself or otherwise that a defendant having a right to counsel appointed for him is without counsel and desires to have counsel appointed, the clerk shall notify the defendant to appear before the clerk, or if defendant is in custody, direct the marshal to bring the defendant to the office of the Clerk of Court for execution of the affidavit of financial inability to employ counsel before the clerk or deputy clerk.  If it is impracticable for the defendant to appear at the office of the clerk, the clerk shall arrange for defendant's appearance before a magistrate or other responsible person qualified

to administer oaths. As soon as the affidavit is executed the clerk shall
present the affidavit and the case file to a judge of this court who shall
appoint counsel from the panels of attorneys designated in Sec. I of this plan,
after he is satisfied from the affidavit or any further inquiry deemed necessary
that the defendant is financially unable to employ counsel and so finds.

B. Counsel for Persons Arrested When Representation is Required by Law

When a person is arrested under circumstances where representation is
required by law (see paragraph 2 of preamble) and has not been presented before
a judicial officer, counsel shall be furnished him if he indicates that he is
financially unable to employ his own attorney.

The sub-panel of attorneys described in I B. supra shall be made available
to federal investigative units, to the U.S. Attorneys Office and the office of
the U.S. Marshal so that persons so arrested may have access to an attorney.

Any attorney selected who has represented a person during the arrest period
may apply to the court for approval of compensation and if the court finds that
such person has been financially unable to obtain counsel and that such
representation was required by law - compensation for services rendered during
the arrest period will be retroactive. If the person represented is unavailable
at the time counsel applies to the court for approval of compensation rendered
during the arrest period his claim may be approved upon the arrestee's financial
eligibility and the necessity of representation. If the attorney furnishing the
representation during the arrest period is subsequently appointed by the court or
magistrate to represent the person in the ensuing criminal proceedings in this
court or before the magistrate, the appointment may be made retroactive to cover
the arrest period representation.

C. Other Appointments as of Right

The court may proceed as under II above to make an appointment of counsel
for a person (1) whom the Sixth Amendment to the Constitution requires the
appointment of counsel of (2) for whom, in a case in which he faces loss of
liberty, any Federal law requires the appointment of counsel.

D. Discretionary Appointments

Any person subject to revocation of parole, in custody as a material witness,
or seeking relief under 28 U.S.C. 2241, 2254, or 2255 of Title 28 or 18 U.S.C.
4245 may apply to the court to be furnished representation based on a showing
(1) that the interest of justice so require and (2) that such person is
financially unable to obtain representation. Such application shall be verified

and in such written form as is prescribed by the Judicial Conference of the United States. If the party applicant is not before the court, the court may, without requiring the personal appearance of the party for such purpose, act on the basis of the form alone, or the form as supplemented by such information as may be made available by an officer or custodian or other responsible officer, provided that such information is also made available to the party. The court may approve such representation on a determination that the interests of justice so require and that such person is financially unable to obtain representation.

    E.   Waiver of Right to Counsel

Where appointed counsel is waived by defendant either before the magistrate or in court, the waiver shall be in writing and signed by the defendant, and filed with the court. If the defendant waives his right to counsel before the magistrate or judge but refuses to sign the written waiver - the magistrate or judge shall so certify in writing to the Clerk of Court.

If the defendant waives counsel in the preliminary proceedings before the magistrate the magistrate shall advise the defendant that such waiver will not prevent defendant from requesting appointment of counsel before the District Court or the magistrate assigned to try the case if the defendant is charged with a minor offense and has consented to be tried before a magistrate.

    F.   Duration and Substitution of Counsel

A defendant for whom counsel has been appointed shall be represented at every stage of the proceedings from his initial appearance before the magistrate or the court through appeal. In the event that a defendant is convicted following trial before the court or magistrate, counsel appointed hereunder shall advise the defendant of his right of appeal and of his right to counsel on appeal and that a timely notice of appeal must be filed. After entry of the judgment or order appealed from, if requested to do so by the defendant, counsel shall file a timely notice of appeal, and he shall continue to represent the defendant unless, or until he is relieved by the District Court or the Court of Appeals or by the magistrate. If the defendant, after conviction following a trial by the court, magistrate or jury, decides not to appeal, the defendant and his attorney shall sign and file a written statement that he has been advised of his right to appeal and does not desire to appeal.

Counsel appointed by a United States Magistrate shall represent the defendant in proceedings before the United States Magistrate and thereafter

unless or until relieved by the District Court. If counsel resides more than thirty miles from the City of Milwaukee and at the conclusion of the magistrate's proceedings requests to be relieved of the appointment because of the time necessarily consumed for travel to and from Milwaukee, the magistrate shall notify the court of such request.

The court or the magistrate may, in the interest of justice, substitute one appointed counsel for another at any stage of the proceedings.

G. Conflict of Interest

If an attorney is appointed for more than one defendant in a case, he should at the earliest moment ascertain whether or not there is any conflict of interest in his representation of multiple defendants, and if so, call the attention of the court to the matter and ask to be relieved as counsel for one or more of the defendants he is representing.

H. Re-examining Need for Counsel

If at any time after the appointment of counsel the District Judge or the magistrate finds that the defendant is financially able to obtain his own counsel or to make partial payment for the services of counsel, the District Judge or magistrate may terminate the appointment of counsel, may direct the payment to be made to the court-appointed counsel to apply on his fees and disbursements, or may direct that payment be made to the court for deposit in the Treasury of the United States as a reimbursement to the appropriation current at the time of payment.

If at any stage in the proceedings a District Judge or magistrate before whom the case is pending finds that a defendant for whom counsel has not been previously appointed under this Plan is financially unable to pay counsel whom he has retained and wishes court-appointed counsel, the District Judge or magistrate, as the case may be, may appoint the same counsel or substitute counsel in the manner above provided.

No counsel appointed hereunder shall seek or accept any fee from the defendant whom he has been appointed to represent except with the permission of the District Judge or magistrate. It shall be the duty of such counsel to report to the court or magistrate before whom the case is pending any information coming to his attention that the defendant appears to be able to finance his defense in whole or in part so that appropriate action may be taken with respect thereto.

III. Investigative, Expert and Other Services

    A.   Upon Request

Counsel (whether or not appointed under the Criminal Justice Act) for a party who is financially unable to obtain investigative, expert or other services necessary for an adequate defense in his case may request such services in an ex parte application on the appropriate CJA form before a judge, or before a magistrate if the services are required in connection with a case over which he has jurisdiction. Upon finding, after appropriate inquiry in such ex parte proceeding, that the services are necessary, and that the person is financially unable to obtain them, the court, or the magistrate, as the case may be, shall authorize counsel to obtain the services. Where counsel has not been appointed under the Act an affidavit of financial inability to pay shall be obtained from the defendant. The judge or magistrate may establish a limit on the amount which may be expended or promised for such services within the maximum prescribed by 18 U.S.C. 3006A(e)(3).

    B.   Without Prior Request

A counsel, appointed under the Criminal Justice Act, may obtain, subject to later review, investigative, expert, or other services without prior authorization, if necessary for an adequate defense. The total cost of services obtained without prior authorization, however, may not exceed a maximum of $150 and expenses reasonably incurred, and no greater amount may be authorized regardless of the number of persons used or the character of services. A sworn application may be made by counsel to the court on the appropriate CJA form for the ex parte review by the judge or magistrate if the case is pending before him and for ratification of such expenses. Such expenditures without prior court authorization are not favored, and in addition to showing that such expenditures were "necessary for an adequate defense" the application for ratification must show why prior authorization could not have been obtained.

IV. Compensation

    A.   Payment to Counsel Under this Plan

Payment of fees and expenses to counsel appointed under this Plan shall be made in accordance with such rules and regulations and guidelines, as have been or may be prescribed from time to time by the Judicial Conference of the United States, and in accordance with the fiscal policies of the Administrative Office of the United States Courts.

B.   Schedule of Maximum Fees for Counsel and Other Services

        The following fees are hereby prescribed for this District:

        1.   Maximum Hourly Rate for Counsel
             The maximum hourly rate for attorneys shall not exceed $30 per hour for time expended in court or before a United States magistrate, and $20 per hour for time reasonably expended out of court.  In addition, however, such attorney shall be reimbursed for expenses reasonably incurred, including the cost of any necessary transcripts authorized by the court or its magistrate.

        2.   Maximum Amounts for Counsel
             For representation of a defendant before a magistrate or this court, or both, the maximum compensation to be paid to an attorney shall not exceed $1,000 for each attorney in a case in which one or more felonies are charged, and $400 for each attorney in a case in which only misdemeanors are charged.  Representation of a defendant on a new trial shall be considered a separate case, and fees shall be paid on the same basis as on the original trial.  A maximum of $250 per attorney is provided by any of the following representations:

                (a)  a post-trial motion made after entry of judgment

                (b)  a probation revocation proceeding

                (c)  a parole revocation proceeding

                (d)  representing a material witness

                (e)  representing a person seeking relief under 28 U.S.C. 2241, 2254, or 2255 and 18 U.S.C. 4245.

        3.   Waiving Maximum Counsel Fees
             Payment in excess of any maximum amount provided in Subpart 2 above, may be made for extended or complex representation whenever the court in which the representation was rendered, or the magistrate, if the representation was furnished exclusively before him, certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the Chief Judge of the Seventh Judicial Circuit.

C.  Payment for Investigative, Expert and Other Services

        Where counsel has received prior authorization for services, the maximum which may be paid per person so authorized shall not exceed $300 exclusive of reimbursement for expenses reasonably incurred, unless payment in excess of that limit is certified by the court, or by the magistrate (if the services were rendered in connection with a case disposed of entirely before him) as necessary to provide fair compensation for services of an unusual character

or duration, and the amount of the excess payment is approved by the Chief Judge
of the Seventh Judicial Circuit.

D.  Submission of Claims

All claims for compensation and reimbursement made pursuant to this Plan
shall be submitted by counsel on forms prescribed by the Administrative Office
not later than 30 days following the conclusion of representation.

All claims for compensation shall be submitted to the Clerk of Court who
shall verify the accuracy of the time spent in court from the docket entries in
the case and refer the claim to the court for approval.

If the case was concluded before the magistrate the Clerk will forward
the claim to the magistrate for approval.

V.  Forms

Where standard forms have been approved by the Judicial Conference of the
United States or by an appropriate committee thereof, and have been distributed
by the Administrative Office, such forms shall be used by the court, the clerk,
the magistrates, and counsel.

VI.  This Plan as amended this 5th day of February, 1971, shall take effect on
February 11, 1971, or when approved by the Judicial Council of the Seventh
Circuit, whichever is later.


ROBERT E. TEHAN, Chief Judge


JOHN W. REYNOLDS, District Judge


MYRON L. GORDON, District Judge