UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE:    COURT OPERATIONS UNDER THE        General Order No. 20-2
          EXIGENT CIRCUMSTANCES CREATED
          BY COVID-19 AND RELATED
          CORONAVIRUS

---

**GENERAL ORDER REGARDING COVID-19 VIRUS PUBLIC EMERGENCY**

---

The court is issuing this general order in response to the recent outbreak of Coronavirus Disease 2019 (COVID-19) in the United States of America, and specifically in the State of Wisconsin and the Eastern District of Wisconsin. The Governor of the State of Wisconsin has declared a public health emergency in response to the spread of the COVID-19 virus, and the Centers for Disease Control and other public health agencies have advised public and private entities to take precautions in order to reduce the spread of the virus. This court has considered guidance from a variety of sources including the Wisconsin Department of Health Services, the Centers for Disease Control and Prevention and local public health authorities. It recognizes the need to take measures to effectuate these goals, while also continuing to fulfill its mission and keep both its civil and criminal court operations functioning.

Based on the information available to date, including the estimated number of persons infected currently with COVID-19 and the number of cases projected to occur in the immediate future, the court makes the following findings:

1.) Current court operations present substantial health risks to the public.

2.) It is not possible to summon a pool of potential jurors and conduct a jury trial in a manner that does not expose potential jurors, counsel, court staff and litigants to substantial and unacceptable health risks, specifically, the danger of becoming infected with COVID-19.

3.) Such risks may be significantly mitigated by temporarily modifying court operations; and

4.) Good cause exists to implement temporary changes to court procedures.

Based on these findings, the court **ORDERS** the following:

Effective March 13, 2020 through and including at least May 1, 2020, all civil and criminal jury trials scheduled to begin before May 1, 2020 are **continued** and will be rescheduled by the presiding judge to a date after May 1, 2020;

All petty offense (CVB) proceedings are continued and will be rescheduled by the presiding judge to a date after May 1, 2020;

All START reentry court proceedings are continued and will be rescheduled by the reentry court judge to a date after May 1, 2020;

All civil hearings, including settlement conferences, shall be conducted by telephone or videoconference;

In criminal proceedings:

    a. When reviewing complaints, applications for search warrants or trap/trace/pen registers, applications for wire taps or

applications for other such warrants or orders, judges shall do so by reliable electronic means, rather than in person, under Federal Rule of Criminal Procedure 4.1;

      b.     When possible and practicable with the defendant's oral or written consent, initial appearances and arraignments may be conducted by video conference under Fed. R. Crim. P. 5(f) and 10(c);

      c.     When a detention hearing has been set and a defendant decides to consent to detention, the defendant must, prior to the date of the detention hearing, notify the court in writing that he or she consents;

      d.     All hearings on the revocation of supervised release scheduled to begin before May 1, 2020 are continued and will be rescheduled by the presiding judge to a date after May 1, 2020;

      e.     All plea colloquies and sentencing hearings scheduled to begin before May 1, 2020 are continued and will be rescheduled by the presiding judge to a date after May 1, 2020; and

      f.     Parties wishing to adjourn in-person criminal hearings scheduled to begin before May 1, 2020 must file a written motion no less than three (3) days prior to the scheduled hearing, stating (1) whether the opposing party agrees to the continuance; (2) the reasons that the party is requesting the continuance; and (3) why the ends of justice outweigh the interests of the parties and the public in a speedy trial.

In criminal cases, the court finds that the period of any continuance entered from the date of this order through May 1, 2020 as a result of this order shall be **EXCLUDED** under the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A), because the court finds that the ends of justice served by taking that action outweigh the interests of the parties and the public in a speedy trial, given the need to protect the health and safety of defendants, their counsel, prosecutors, court staff and the public by reducing the number of in-person hearings to the fullest extent possible.

The presiding judge in any case may, if requested by a party or parties, make case-by-case exceptions to the continuances of non-jury matters resulting from this order, after consultation with counsel.

This order does not affect the court's consideration of civil or criminal motions that the court can resolve without oral argument.

All naturalization ceremonies scheduled before May 1, 2020 are **CANCELLED**. If a person meets the criteria in 8 U.S.C. §1448(c) as qualifying for an expedited judicial oath administration ceremony, and if that person is seeking a name change under 8 U.S.C. §1448(e), the court will arrange for naturalization of that person by a judicial officer.

All non-core public events—school visits, tours, ceremonial functions—are **CANCELLED**.

The courthouse remains open. Staff in the clerk's office are available by telephone, mail will be received and processed, and the clerk's office intake counter will be open to receive filings. Registered users may make electronic filings through the CM/ECF system. The court encourages the public to continue utilizing court services while following all applicable public health guidelines.

Dated in Milwaukee, Wisconsin this 13th day of March, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**