UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE:   EXTENDING AUTHORIZATION           General Order No. 20-17
FOR CONDUCTING CERTAIN CRIMINAL
HEARINGS BY VIDEO TELECONFERENCE
OR TELEPHONE CONFERENCE UNDER
THE CORONAVIRUS AID, RELIEF, AND
ECONOMIC SECURITY ACT (CARES ACT),
H.R. 748

---

**GENERAL PUBLIC ORDER REGARDING COVID-19 VIRUS PUBLIC EMERGENCY—EXTENDING AUTHORIZATION FOR CONDUCTING CERTAIN CRIMINAL HEARINGS BY VIDEO TELECONFERENCING OR TELEPHONE CONFERENCING UNDER THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT (CARES ACT), H.R. 748**

---

On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security Act, (CARES Act), H.R. 748 (2020). Section 15002(b) of that Act provides for video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for certain criminal proceedings if the Judicial Conference of the United States finds that emergency conditions caused by the COVID-19 outbreak will materially affect the functioning of either the federal courts generally or a particular district court, and the chief judge of a court covered by that finding authorizes video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available.

On March 29, 2020, on the joint recommendation of the chairs of the Committee on Court Administration and Case Management and the Committee on Rules of Practice and Procedure, the Judicial Conference of the United

1

States found, under the CARES Act, that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. §§1601, *et seq.*) with respect to COVID-19 have materially affected and will materially affect the functioning of the federal courts generally.

That same day—March 29, 2020—the undersigned issued General Order 20-6, authorizing the use of video teleconferencing, or telephone conferencing if video teleconferencing was not reasonably available, for the following events listed in Section 15002(b)(1) of the CARES Act:

- Detention hearings under 18 U.S.C. §3142;
- Initial appearances under Fed. R. Crim. P. 5;
- Preliminary hearings under Fed. R. Crim. P. 5.1;
- Waivers of Indictment under Fed. R. Crim. P. 7(b);
- Arraignments under Fed. R. Crim. P. 10;
- Probation and supervised revocation proceedings under Fed. R. Crim. P. 32.1;
- Pretrial release revocation proceedings under 18 U.S.C. §3148;
- Removal proceedings under Fed. R. Crim. P. 40;
- Misdemeanor pleas and sentencings under Fed. R. Crim. P. 43(b)(2); and
- Proceedings under 18 U.S.C. §403 (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trail proceedings.

The undersigned ordered that under Section 15002(b)(4), the video teleconferencing or telephone conferencing authorized above could take place only with the consent of the defendant, or the juvenile, after consultation with counsel.

As chief judge, and under Section 15002(b)(2), the undersigned also specifically found that felony pleas under Fed. R. Crim. P. 11 and felony

sentencings under Fed. R. Crim. P. 32 could not be conducted in person without seriously jeopardizing public health and safety. The undersigned ordered that if the district judge in a particular case found, for specific reasons, that a felony plea or sentencing in that case could not be further delayed without serious harm to the interests of justice, that judge could, with the consent of the defendant after consultation with counsel, conduct the felony plea or sentencing by video teleconference, or by telephone conference if video teleconferencing was not reasonably available.

Under Section 15002(b)(3) of the CARES Act, the undersigned ordered that the authorization issued on March 29, 2020 remained in effect for ninety (90) days unless terminated earlier as described in Section 15002(b)(5). The undersigned ordered that if the emergency authority had not been terminated ninety (90) days from the entry of the order, the undersigned would review the authorization and determine whether to extend it.

As of June 24, 2020—eighty-seven days from the date the undersigned issued General Order 20-6—the emergency authority has not been terminated. The undersigned has no indication that the President or Congress plans to terminate the emergency or that the Judicial Conference of the United States is considering a determination that the emergency no longer materially affects the federal courts.

On March 29, 2020—the date the undersigned issued the original authorization—there were 1,112 confirmed cases of COVID-19 in the state of Wisconsin; today, there are 25,763. https://www.dhs.wisconsin.gov/covid-

3

Case 2:00-so-01000    Filed 06/24/20    Page 3 of 6    Document 63

19/index.htm. Nationwide there have been 2,336,615 confirmed cases and 121,117 deaths. https://www.cdc.gov/coronavirus/2019-ncov/cases-in-us.html. Seven hundred fifty-seven Wisconsin citizens have died, the percentage of positive test results has risen in the past couple of days and the seven-day average of new confirmed cases has begun to rise after a decrease in early June. https://www.dhs.wisconsin.gov/covid-19/data.htm. Several of the Wisconsin gating criteria for safe reopening have not been met; there has not been a downward trajectory of influenza-like symptoms reported within a fourteen-day period, a downward trajectory of COVID-like syndromic cases reported within a fourteen-day period, a downward trajectory of positive tests as a percent of total tests within a fourteen-day period or a downward trend of COVID-19 cases among healthcare workers calculated weekly. https://www.dhs.wisconsin.gov/covid-19/prepare.htm. The Wisconsin Department of Health Services continues to advise citizens to stay at home as much as possible, to cancel group gatherings, to avoid gatherings of ten people or more, to practice social distancing, to wear masks or face coverings, to wash their hands frequently or use a hand sanitizer that is at least 60% alcohol based and to avoid touching their faces. https://www.dhs.wisconsin.gov/covid-19/protect.htm. The Centers for Disease Control and Prevention make similar recommendations. https://wwww.cdc.gov/coronavirus/2019-ncov/prevent-getting-sick/prevention.html.

In the past three months, courts in the Eastern District of Wisconsin have closed buildings to the public, implemented teleworking, and made liberal

4

Case 2:00-so-01000    Filed 06/24/20    Page 4 of 6    Document 63

use of the CARES Act authority to hold hearings via videoconference and telephone conference. Although the courts are implementing protocols to enable them to minimize the risks attendant to holding a limited number of in-person hearings, the continuing public health threat continues to materially affect the functioning of the courts and requires that the courts continue to rely heavily on the ability to conduct hearings remotely via videoconference or telephone conference to protect the health and safety of all court users.

Under §15002(b)(3)(A), the undersigned has reviewed the March 29, 2020 authorization, and has determined for the above reasons that re-authorization for another ninety (90) days is warranted and necessary. Accordingly, the undersigned extends the authorization of courts in the Eastern District of Wisconsin to video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events listed in Section 15002(b)(1) of the CARES Act:

- Detention hearings under 18 U.S.C. §3142;
- Initial appearances under Fed. R. Crim. P. 5;
- Preliminary hearings under Fed. R. Crim. P. 5.1;
- Waivers of Indictment under Fed. R. Crim. P. 7(b);
- Arraignments under Fed. R. Crim. P. 10;
- Probation and supervised revocation proceedings under Fed. R. Crim. P. 32.1;
- Pretrial release revocation proceedings under 18 U.S.C. §3148;
- Removal proceedings under Fed. R. Crim. P. 40;
- Misdemeanor pleas and sentencings under Fed. R. Crim. P. 43(b)(2); and
- Proceedings under 18 U.S.C. §403 (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trail proceedings.

Under Section 15002(b)(4), the video teleconferencing or telephone

conferencing authorized above may take place only with the consent of the defendant, or the juvenile, after consultation with counsel.

As chief judge, and under Section 15002(b)(2), the undersigned specifically finds that felony pleas under Fed. R. Crim. P. 11 and felony sentencings under Fed. R. Crim. P. 32 cannot be conducted in person without seriously jeopardizing public health and safety. If the district judge in a particular case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, that judge may, with the consent of the defendant after consultation with counsel, conduct the felony plea or sentencing by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

Under Section 15002(b)(3) of the CARES Act, the undersigned orders that this extended authorization remains in effect for ninety (90) days unless terminated earlier as described in Section 15002(b)(5). If the emergency authority had not been terminated ninety (90) days from the entry of the order, the undersigned will review the authorization and determine whether to extend it.

Dated in Milwaukee, Wisconsin this 24th day of June, 2020.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

6

Case 2:00-so-01000   Filed 06/24/20   Page 6 of 6   Document 63