UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| IN RE: COURT OPERATIONS UNDER THE EXIGENT CIRCUMSTANCES CREATED BY COVID-19 AND RELATED CORONAVIRUS | General Order No. 20-18 |

**UPDATED GENERAL ORDER REGARDING COVID-19 VIRUS PUBLIC EMERGENCY**

This order **ALLOWS TO LAPSE** portions of prior general orders regarding the COVID-19 virus public emergency, **MODIFIES** others and **EXTENDS** still others. Where this order differs from prior general orders, this order supersedes and replaces those orders.

The court has continued to monitor the status of the COVID-19 pandemic in the United States, and specifically in the Eastern District of Wisconsin. The court has continued to work closely with agencies in the federal building and various stakeholders and has consulted orders and guidance issued by the Wisconsin Department of Health Services, Governor Tony Evers, the Centers for Disease Control and Prevention and the World Health Organization. The court also has considered recovery and phased reopening guidance from other district courts in the Seventh Circuit, the Administrative Office of U.S. Courts and the Final Report of the Wisconsin Courts COVID-19 Task Force.

Based on the information available to date, including the estimated number of persons infected currently with COVID-19, the number of cases

1

projected to occur in the immediate future, the lack of a sustained downward trajectory of confirmed positive cases in Wisconsin and the failure to meet certain gating criteria for reopening, the court finds that:

1.) Returning to the practices and procedures the courts employed prior to March 2020 would present a substantial health risks to the public.

2.) It is, however, necessary to resume conduct of some in-person hearings under strict protocols and to allow members of the public access to the courthouse buildings under strict protocols.

3.) There remains good cause to modify certain court procedures to reduce the number of people required to be in the courthouses, and in courtrooms, at any given time, and to maintain social distancing and other necessary public health precautions.

Based on these findings, the court **ORDERS** the following:

1. Effective July 2, 2020, the provisions of Amended General Order 20-2 (**Amended** General Order Regarding COVID-19 Virus Public Emergency), General Order 20-9 (Updated General Order Regarding COVID-19 Virus Public Emergency) and General Order No. 20-11 (Updated General Order Regarding COVID-19 Virus Emergency) that continued all civil and criminal jury trials, all petty offense (CVB) hearings and all criminal hearings where the defendant does not consent to proceed by videoconference or telephone conference will **LAPSE**. Starting July 2, 2020, judges may resume scheduling such trials and hearings in person.

2. Effective July 2, 2020, the provisions of Amended General Order 20-2 (**Amended** General Order Regarding COVID-19 Virus Public Emergency), General Order 20-9 (Updated General Order Regarding COVID-19 Virus Public Emergency) and General Order No. 20-11 (Updated General Order Regarding COVID-19 Virus Emergency) that excluded time from the Speedy Trial Act, 18 U.S.C. §3161(h)(7)(A) will **NOT BE EXTENDED**. Starting July 2, 2020, parties seeking exclusions of time under the Speedy Trial Act must make a specific request of the presiding judge.

3. START reentry court proceedings may continue via videoconference or audio conference; all in-person sessions of reentry court are **CONTINUED** and will be rescheduled by the reentry team to a date after July 31, 2020.

4. All court-conducted naturalization ceremonies scheduled to take place in the federal building at 517 East Wisconsin Avenue before September 30, 2020 are **CANCELLED**. If a person meets the criteria in 8 U.S.C. §1448(c) as qualifying for an expedited judicial oath administration ceremony, and if that person is seeking a name change under 8 U.C.C. §1448(e), the court will arrange for naturalization of that person by a judicial officer.

5. All non-core public events, such as continuing legal education programs, school visits, tours and ceremonial functions, are **CANCELLED** until further order of the court.

6. This order does not affect the court's consideration of civil or criminal motions that the court can resolve without in-person argument.

7. Effective July 2, 2020, General Order 20-8, Order Granting Extensions of Time in Prisoner Cases Involving the Wisconsin Department of Justice Due to COVID-19 will **LAPSE** and will not be extended. Parties in prisoner cases involving the Department of Justice must seek extensions of time on a case-by-case basis.

8. In criminal proceedings:

    a. When reviewing complaints, applications for search warrants or trap/trace/pen registers, applications for wire taps or applications for other such warrants or orders, judges may, but are not required to, do so by reliable electronic means, rather than in person, under Federal Rule of Criminal Procedure 4.1.

    b. The court **REAFFIRMS** General Order 20-5 (CJA Panel Attorneys Interim Vouchers/Compensation) and **ORDERS** that until further order of the court, CJA panel attorneys may, without seeking prior court approval, submit interim vouchers for compensation as long as the amount sought in the voucher exceeds $500 and the attorney does not submit the voucher within two months of submitting a prior interim voucher in the same matter. The court **ORDERS** that the court *will not apply* the 20% withholding to interim vouchers submitted under this order. If an interim voucher exceeds the case compensation maximum, the interim voucher must be approved by the Chief Judge of the Seventh Circuit.

    c. The court **REAFFIRMS** General Order 20-6 (General Public Order Regarding COVID-19 Virus Public Emergency—Authorizing Conducting Certain Criminal Hearings by Video Teleconferencing or Telephone Conferencing Under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), H.R. 748) and General Order 20-17 (General Public Order Regarding COVID-19 Virus Public Emergency—Extending Authorization for Conducting Certain Criminal Hearings by Video Teleconferencing or Telephone Conferencing Under the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), H.R. 748). Under those orders, courts in the Eastern District of Wisconsin are authorized to conduct by videoconferencing, or telephone conferencing if video teleconferencing is not reasonably available, hearings for the following events listed in Section 15002(b)(1) of the CARES Act:

- Detention hearings under 18 U.S.C. §3142;
- Initial appearances under Fed. R. Crim. P. 5;
- Preliminary hearings under Fed. R. Crim. P. 5.1;
- Waivers of indictment under Fed. R. Crim. P. 7(b);
- Arraignments under Fed. R. Crim. P. 10;
- Probation and supervised release revocation proceedings under Fed. R. Crim. P. 32.1;
- Pretrial release revocation proceedings under 18 U.S.C. §3148;
- Removal proceedings under Fed. R. Crim. P. 40;
- Misdemeanor pleas and sentencings under Fed. R. Crim. P. 43(b)(2); and
- Proceedings under 18 U.S.C. §403 (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trial proceedings.

Under Section 15002(b)(4), the video teleconferencing or telephone conferencing authorized above may take place only with the consent of the defendant, or the juvenile, after consultation with counsel.

Further, under Section 15002(b)(2), if the district judge in a particular case finds, for specific reasons, that a felony plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice, that judge may, with the consent of the defendant after consultation with counsel, conduct the felony plea or sentencing by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

9. In cases where a judge has scheduled an in-person hearing, the court urges counsel to bring to the presiding judge's attention any concerns related to personal health issues or the health issues of vulnerable family members. Counsel may do so by alerting the court via an email to the chambers of the presiding judicial officer, with a copy to opposing counsel. Counsel need not disclose the precise nature of any medical condition; counsel may indicate simply that counsel or a family member are of an age, or have medical conditions, that place them at an increased risk for COVID-19 complications.

10. The court encourages the public to continue utilizing court services while following all applicable public health guidelines. The clerk's offices for the U.S. Bankruptcy Court and the U.S. District Court maintain external drop-boxes for filing documents or making payments. The district court clerk's office will provide limited services by appointment only. Please check court websites for additional information:

United States District Court: https://www.wied.uscourts.gov.

United States Bankruptcy Court: https://www.wieb.uscourts.gov.

The court **ORDERS** that the provision of General Order 20-4 that temporarily closed the federal building at 517 East Wisconsin Avenue to the public through May 1, 2020; General Order 20-9, which extended that closure through June 1, 2020 and General Order 20-11, which extended that closure through July 1, 2020, will **LAPSE** at day's end on July 1, 2020. As of July 2, 2020, members of the public may enter the federal courthouses, subject to strict protocols.

The court **REAFFIRMS** portions of General Order 20-3 (Building Security Under the Exigent Circumstances Created by COVID-19 and Related Coronavirus) and General Order 20-11 (Updated General Order Regarding COVID-19 Virus Public Emergency) with some modification, through and in both divisions of the court until further order of the court. The court **ORDERS** the following:

Parties wishing to file court documents may continue to do so by (a) filing them electronically via CM/ECF; (b) depositing them in the external drop box

on the east side of the building (617 North Jackson Street); or (c) mailing them to either the United States District Court Clerk's Office at 517 East Wisconsin Avenue, Room 362, Milwaukee, Wisconsin 53202 (Milwaukee division), the United States District Clerk's Office, Jefferson Court Building, 125 S. Jefferson Street, Room 102, Green Bay, Wisconsin 54301-4541 (Green Bay division) or the United States Bankruptcy Court Clerk's Office at 517 East Wisconsin Avenue, Room 126, Milwaukee, Wisconsin 53202.

This General Order does not affect electronic filings through the court's CM/ECF system.

United States Marshal Service ("USMS") law enforcement personnel and USMS-deputized contract court security officers shall deny building access to individuals who may be infected with COVID-19 or otherwise appear to pose a public health risk. All persons seeking to enter courthouses within the Eastern District of Wisconsin will be required to answer the following questions:

1.) In the past 14 days, have you been diagnosed with COVID-19, or told by a health professional to presume that you have COVID-19?

2.) In the past 14 days, have you had close contact with or lived with anyone who has been diagnosed with COVID-19 or who was told by a health care professional to presume they had COVID-19? (Close contact is defined as being within 6 feet of someone for fifteen minutes or more.)

3.) In the past 14 days, have you been asked to self-quarantine by a doctor, hospital or health care provider or government agency?

4.) In the past 14 days, have you had any of the following symptoms that are not attributable to another, known condition, or have you lived with or had close contact with someone who has had these symptoms that are not attributable to another, known condition:

7

Case 2:00-so-01000   Filed 07/01/20   Page 7 of 10   Document 64

- Fever
- Chills
- Sore throat
- New or worsening cough
- Shortness of breath or trouble breathing
- Fatigue
- Muscle or body aches
- New loss of taste or smell
- Headache
- Congestion or runny nose
- Nausea, vomiting, or diarrhea

Persons who answer "yes" to any of the above questions will be denied courthouse access. Persons who exhibit symptoms of illness potentially indicating COVID-19 infection will be denied access. USMS law enforcement personnel and USMS-deputized court security officers have the authority to deny courthouse access to persons who otherwise reasonably appear to present a health risk. Those denied access will be provided information regarding the appropriate individual or entity to contact.

The court **REAFFIRMS** General Order 20-15 (General Public Order Regarding COVID-19 Virus Public Emergency—Mask Policy). All persons seeking entry to or occupying the courthouse—including, but not limited to, court staff, security personnel, vendors, contractors, litigants, attorneys, jurors and other members of the public—must wear a face covering or mask in the public areas of the building. Public areas include the atrium/lobby, elevator banks, stairwells, restrooms, public corridors, clerk's office counters and, unless excused by the presiding judge, courtrooms. Each individual agency or court unit will develop and enforce its own policy for wearing face coverings or masks within its internal space. A face covering or mask always must

8

completely cover the wearer's nose and mouth. The only persons excepted from this requirement are those who provide documentation that for medical reasons, they are unable to wear a face covering.

All persons seeking entry into the courthouse are strongly encouraged to bring their own face covering or mask. Persons who do not bring their own face coverings or masks may obtain a mask at the screening security station while supplies last; supplies will be limited. Any person who declines or refuses to wear a face covering and does not have documentation showing that they are unable to do so for medical reasons will be denied entry to the building. Such persons may contact by telephone the agency or office they intended to visit to explore alternatives to entering the courthouse.

Persons entering the courthouse must observe social distancing and must comply with all signs and instructions regarding social distancing, when entering the building, when using elevators and stairwells and when occupying courtrooms. Refusal to comply with social distancing requirements may be grounds for ejection from the building or court sanctions.

If a member of the public believes that he or she has a scheduled appointment or otherwise is required to appear at the courthouse but is denied entry, that party should proceed as follows:

- If you are represented by a lawyer, please contact your lawyer.
- If you are an attorney or a *pro se* litigant and you believe that you are scheduled to appear before a judge, please contact the clerk's office at 414-297-3372.

9

- If you are scheduled to meet with someone in the United States Attorney's Office, please call 414-297-1700.

- If you are scheduled to meet with someone in the Wisconsin Federal Defender's Office, please call 414-221-9900.

- If you are scheduled to meet with someone in the United States Pretrial Services and Probation Office, please call 414-297-1425, or contact your assigned supervising officer.

- If you need information from the United States District Court, please call 414-297-3372.

- If you need information from the United States Bankruptcy Court, please call 414-297-3291.

The court may modify or vacate this order if appropriate given public health guidance. If necessary, the court may extend the order beyond dates specified in it if appropriate given circumstances, public health guidance and guidance from court authorities.

Dated in Milwaukee, Wisconsin this 1st day of July, 2020.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**