UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:
PROCEDURES FOR THE FILING,     General Order No. 21-4
SERVICE AND MANAGEMENT OF
HIGHLY SENSITIVE DOCUMENTS

**GENERAL PUBLIC ORDER REGARDING PROCEDURES FOR THE FILING, SERVICE AND MANAGEMENT OF HIGHLY SENSITIVE DOCUMENTS**

In response to recent disclosures of wide-spread breaches of both private sector and government computer systems, the Judicial Conference of the United States has directed all federal courts to create new security procedures to protect highly sensitive documents ("HSDs") filed with the court.

The court finds that, under Fed. R. Civ. P. 5(d)(3)(A) and Fed. R. Crim. P. 49(b)(3)(A), good cause exists to require parties to file HSDs, as defined in this order, outside of the court's electronic filing system.

The court **ORDERS** that, effective the date of this order and until the court orders otherwise, HSDs must be filed subject to the procedures and requirements set forth below. This general order supersedes all inconsistent provisions in existing local rules or other general orders of this court.

### I. Highly Sensitive Documents Defined

HSDs are documents that contain information of a particularly sensitive nature that, if obtained unlawfully or made public, could harm national security or result in severe economic, physical or other harm to the court, the parties or third parties, including federal, state or local government entities. Parties might file HSDs in cases involving:

- National security;
- Foreign or domestic sovereign interests;
- Cybersecurity;

1

- Ongoing law enforcement investigations, including search warrant applications and applications for electronic surveillance under 18 U.S.C. §2518;
- Intelligence or counter-intelligence operations;
- Information that, if disclosed, might endanger public officials or the integrity of government operations; or
- Certain high-value, non-public intellectual property.

HSDs generally will not include:

- Pretrial reports, presentence investigation reports and probation revocation reports;
- Pleadings related to cooperation in most criminal cases;
- Sealed indictments, criminal complaints, arrest warrants or petitions for action on conditions of release;
- Most applications for search or arrest warrants or applications for electronic surveillance;
- Grand jury proceedings;
- Social Security records;
- Medical, mental health or rehabilitation records;
- Administrative proceedings in immigration cases;
- Attorney disciplinary proceedings;
- Juvenile proceedings;
- Documents containing personal identifying information or financial information;
- Education records;
- Proprietary business information not of interest to a foreign government;
- Documents subject to a routine protective order; and
- Most sealed filings in civil cases.

The fact that a party asks to file a document under seal or asks to restrict the document from public view does not automatically make that document an HSD. The fact that a document contains personal identifying information does not automatically make that document an HSD.

Any dispute about whether a document is an HSD must be resolved by the presiding judge or, when no presiding judge is assigned, the chief judge.

## II. Procedure for Filing HSDs

### A. Responsibility for Determining Whether a Document is an HSD

The filing party has primary responsibility for determining whether a document is an HSD. This does not, however, preclude the court from determining on its own motion that a document is an HSD and treating it as one under this order.

### B. Seeking Leave to File a Document as an HSD

A party seeking to file a document as an HSD must electronically file a motion for leave to file an HSD, following the procedure mandated by this court's General Local Rule 79(d). The motion must explain, in general terms, why the filing party believes that the document is an HSD. **The party must *not* electronically file the proposed HSD.**

As soon as practicable after electronically filing the motion for leave to file an HSD, the filing party must deliver the proposed HSD to the clerk's office in paper format[1] along with a proposed order granting the motion for leave to file the HSD. The party must provide these documents to the clerk's office in a sealed envelope marked "HIGHLY SENSITIVE DOCUMENT" and bearing the case name and case number.

The clerk's office will file-stamp the paper copy of the HSD and maintain the document in its secure, non-electronic filing system. The clerk's office will make an informational docket entry on the electronic docket confirming that the party filed the HSD with the court.

The judge assigned to the case (or, if that judge is not available, the chief judge) will review the motion and the HSD and either grant the motion or direct any other action the judge deems appropriate. The order granting leave to file an HSD (or the order directing some other action) will be filed on the court's electronic docket.

---

[1] In the *extremely* unusual case in which an HSD is too voluminous to practically provide on paper, or is in a format that cannot be produced on paper, the filing party may contact the assigned judge's chambers to discuss how the party may submit the HSD.

3

C.  Serving HSDs

If a judge grants a party's motion for leave to file an HSD, the filing party must serve the HSD on the other parties in the case. At the time of service, the party must electronically file a certificate of service describing the date the party served the HSD and the method by which it was served.

*In civil cases*, the filing party may serve the HSD by any manner specified in Fed. R. Civ. P. 5(b)(2), **except service via the court's electronic filing system** as provided in Fed. R. Civ. P. 5(b)(2)(E) .

*In criminal cases*, the filing party may serve the HSD by any manner specified in Fed. R. Crim. P. 49(a)(3)(B) or (a)(4).

If the court determines that a court order constitutes an HSD because it contains highly sensitive information, the clerk's office will file and maintain the order in its secure, non-electronic filing system and will serve paper copies of the order on the parties by U.S. mail.

D.  HSDs Filed Prior to the Date of this Order

On motion of a party or on its own motion, the court may determine that a document filed in any open or closed case prior to the date of this order is an HSD and may direct the clerk of court to remove the document from the court's electronic filing system and retain it in the secure, non-electronic filing system.

A party who believes a document filed prior to the date of this order constitutes an HSD must file a *paper* motion to remove the HSD from the electronic docket. The motion must identify the document by name and docket number and must explain why the document constitutes an HSD.

The moving party must serve the motion and a proposed order on the other parties to the case in the manner described in Section C above.

The moving party must deliver to the clerk's office in paper format the motion, a proposed order granting the motion and a certificate of service verifying that the party has served the motion on the other parties to the case in the manner described in Section C above. The party filing these documents must deliver them to the clerk's office in a sealed envelope marked "MOTION TO REMOVE HIGHLY SENSITIVE DOCUMENT" and bearing the case name and case number.

The clerk's office will file-stamp the paper copy of the motion and maintain the document in its secure, non-electronic filing system. The judge assigned to the case (or, if that judge is not available, the chief judge) will review the motion and the document to which it relates and either grant the motion or direct any other action the judge deems appropriate.

If the judge grants the motion to remove the previously-filed document from the electronic filing system, the clerk's office will remove the HSD from the electronic filing system and will maintain a paper version of the HSD in its secure, non-electronic filing system. The clerk's office will serve a paper copy of the order on the parties by U.S. mail.

### III. Questions about HSD Filing Procedures

Parties should direct questions about how an HSD should be filed with the court under this general order to the clerk's office at 414-297-3372.

Dated in Milwaukee, Wisconsin this 4th day of February, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**