UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

IN RE: EXTENDING AUTHORIZATION FOR CONDUCTING CERTAIN CRIMINAL HEARINGS BY VIDEO TELECONFERENCE OR TELEPHONE CONFERENCE UNDER THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT (CARES ACT), H.R. 748

General Order No. 21-9

---

**GENERAL PUBLIC ORDER REGARDING COVID-19 VIRUS PUBLIC EMERGENCY—EXTENDING AUTHORIZATION FOR CONDUCTING CERTAIN CRIMINAL HEARINGS BY VIDEO TELECONFERENCING OR TELEPHONE CONFERENCING UNDER THE CORONAVIRUS AID, RELIEF, AND ECONOMIC SECURITY ACT (CARES ACT), H.R. 748**

---

On March 27, 2020, the President of the United States signed into law the Coronavirus Aid, Relief, and Economic Security Act, (CARES Act), H.R. 748 (2020). Section 15002(b) of that Act provides for video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for certain criminal proceedings if the Judicial Conference of the United States finds that emergency conditions caused by the COVID-19 outbreak will materially affect the functioning of either the federal courts generally or a particular district court, and the chief judge of a court covered by that finding authorizes video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available.

On March 29, 2020, on the joint recommendation of the chairs of the Committee on Court Administration and Case Management and the Committee on Rules of Practice and Procedure, the Judicial Conference of the United

1

States found, under the CARES Act, that emergency conditions due to the national emergency declared by the President under the National Emergencies Act (50 U.S.C. §§1601, *et seq.*) with respect to COVID-19 have materially affected and will materially affect the functioning of the federal courts generally.

That same day—March 29, 2020—the undersigned issued General Order 20-6, authorizing the use of video teleconferencing, or telephone conferencing if video teleconferencing was not reasonably available, for the following events listed in Section 15002(b)(1) of the CARES Act:

- Detention hearings under 18 U.S.C. §3142;
- Initial appearances under Fed. R. Crim. P. 5;
- Preliminary hearings under Fed. R. Crim. P. 5.1;
- Waivers of Indictment under Fed. R. Crim. P. 7(b);
- Arraignments under Fed. R. Crim. P. 10;
- Probation and supervised revocation proceedings under Fed. R. Crim. P. 32.1;
- Pretrial release revocation proceedings under 18 U.S.C. §3148;
- Removal proceedings under Fed. R. Crim. P. 40;
- Misdemeanor pleas and sentencings under Fed. R. Crim. P. 43(b)(2); and
- Proceedings under 18 U.S.C. §403 (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trail proceedings.

The undersigned ordered that under Section 15002(b)(4), the video teleconferencing or telephone conferencing authorized above could take place only with the consent of the defendant, or the juvenile, after consultation with counsel.

As chief judge, and under Section 15002(b)(2), the undersigned also specifically found that felony pleas under Fed. R. Crim. P. 11 and felony

2

sentencings under Fed. R. Crim. P. 32 could not be conducted in person without seriously jeopardizing public health and safety. The undersigned ordered that if the district judge in a particular case found, for specific reasons, that a felony plea or sentencing in that case could not be further delayed without serious harm to the interests of justice, that judge could, with the consent of the defendant after consultation with counsel, conduct the felony plea or sentencing by video teleconference, or by telephone conference if video teleconferencing was not reasonably available.

Under Section 15002(b)(3) of the CARES Act, the undersigned ordered that the authorization issued on March 29, 2020 remained in effect for ninety (90) days unless terminated earlier as described in Section 15002(b)(5). The undersigned ordered that if the emergency authority had not been terminated ninety (90) days from the entry of the order, the undersigned would review the authorization and determine whether to extend it. On June 24, 2020, the undersigned extended the order for an additional ninety (90) days. On September 22, 2020, the undersigned extended the order for another ninety-day (90) period. On March 16, 2021, the undersigned extended the order for another ninety-day (90) period.

As of June 11, 2021—four hundred thirty-nine days from the date the undersigned issued General Order 20-6—the emergency authority has not been terminated. On February 24, 2021, the President notified Congress that the pandemic continues to cause significant risk to the public health and safety of the nation. On February 26, 2021, the President published formal notice in the

Federal Register continuing the national emergency concerning COVID-19. https://www.federalregister.gov/documents/2021/02/26/2021-04173/continuation-of-the-national-emergency-concerning-the-coronavirus-disease-2019-covid-19-pandemic.

On March 29, 2020—the date the undersigned issued the original authorization—there had been 1,112 confirmed cases of COVID-19 in the state of Wisconsin; as of June 11, 2021, there have been over 611,000, with over 7,000 deaths. https://www.dhs.wisconsin.gov/covid-19/index.htm. Nationwide there have been over 33,000,000 confirmed cases and almost 600,000 deaths. https://covid.cdc.gov/covid-data-tracker/#datatracker-home. In Wisconsin, the percentage of positive test results has hovered between 1.2% and 1.5% over the past several weeks. https://www.dhs.wisconsin.gov/covid-19/data.htm. Hospital beds are at 84.1% capacity and ICU beds at 84.9% capacity (although only 15.8% of ventilators are in use and only 13.7% of hospitals are at overall peak capacity). https://www.dhs.wisconsin.gov/covid-19/hosp-data.htm. The Wisconsin Department of Health Services continues to advise citizens to avoid crowded and poorly ventilated indoor spaces, to practice social distancing, to wear masks or face coverings, to wash their hands frequently, to stay at home when sick, to get tested if they have symptoms of the virus or have been exposed to it and to get vaccinated. https://www.dhs.wisconsin.gov/covid-19/protect.htm. The Centers for Disease Control and Prevention make similar recommendations. https://www.cdc.gov/coronavirus/2019-ncov/your-health/need-to-know.html.

There has been progress. The number of confirmed positive cases and deaths in Wisconsin has decreased dramatically from the date of the court's last order extending CARES Act authorization. Three vaccines have been approved for public use; as of June 10, 2021, 48.7% of Wisconsin residents have received at least one dose of vaccine and 43.4% have been fully vaccinated. https://www.dhs.wisconsin.gov/covid-19/vaccine-data.htm. In Wisconsin, anyone age twelve or older is eligible to be vaccinated. https://www.dhs.wisconsin.gov/covid-19/parents.htm. But there remains substantial virus activity in the community, with hundreds of people testing positive daily and daily reports of COVID-19 deaths.

In the past fifteen months, courts in the Eastern District of Wisconsin have closed buildings to the public (although the buildings now have reopened under severe restrictions), implemented teleworking and made liberal use of the CARES Act authority to hold hearings via videoconference and telephone conference. They have cautiously reopened buildings under restrictions regarding masks and social distancing. Although the courts are implementing protocols to enable them to minimize the risks attendant to holding a limited number of in-person hearings, the ongoing public health threat continues to materially affect the functioning of the courts and requires that the courts continue to rely heavily on the ability to conduct hearings remotely via videoconference or telephone conference to protect the health and safety of all court users.

Under §15002(b)(3)(A), the undersigned has reviewed the March 29,

2020, June 24, 2020, September 22, 2020, December 18, 2020 and March 15, 2021 authorizations, and has determined for the above reasons that re-authorization for another ninety (90) days is warranted and necessary. Accordingly, the undersigned extends the authorization of courts in the Eastern District of Wisconsin to utilize video teleconferencing, or telephone conferencing if video teleconferencing is not reasonably available, for the following events listed in Section 15002(b)(1) of the CARES Act:

- Detention hearings under 18 U.S.C. §3142;
- Initial appearances under Fed. R. Crim. P. 5;
- Preliminary hearings under Fed. R. Crim. P. 5.1;
- Waivers of Indictment under Fed. R. Crim. P. 7(b);
- Arraignments under Fed. R. Crim. P. 10;
- Probation and supervised revocation proceedings under Fed. R. Crim. P. 32.1;
- Pretrial release revocation proceedings under 18 U.S.C. §3148;
- Removal proceedings under Fed. R. Crim. P. 40;
- Misdemeanor pleas and sentencings under Fed. R. Crim. P. 43(b)(2); and
- Proceedings under 18 U.S.C. §403 (commonly known as the "Federal Juvenile Delinquency Act"), except for contested transfer hearings and juvenile delinquency adjudication or trail proceedings.

Under Section 15002(b)(4), the video teleconferencing or telephone conferencing authorized above may take place only with the consent of the defendant, or the juvenile, after consultation with counsel.

As chief judge, and under Section 15002(b)(2), the undersigned specifically finds that felony pleas under Fed. R. Crim. P. 11 and felony sentencings under Fed. R. Crim. P. 32 cannot be conducted in person without seriously jeopardizing public health and safety. If the district judge in a particular case finds, for specific reasons, that a felony plea or sentencing in

that case cannot be further delayed without serious harm to the interests of justice, that judge may, with the consent of the defendant after consultation with counsel, conduct the felony plea or sentencing by video teleconference, or by telephone conference if video teleconferencing is not reasonably available.

Under Section 15002(b)(3) of the CARES Act, the undersigned orders that this extended authorization remains in effect for ninety (90) days unless terminated earlier as described in Section 15002(b)(5). If the emergency authority had not been terminated ninety (90) days from the entry of the order, the undersigned will review the authorization and determine whether to extend it.

Dated in Milwaukee, Wisconsin this 11th day of June, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**