UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:
PROCEDURES FOR THE FILING,　　　　　　General Order No. 25-6
SERVICE AND MANAGEMENT OF
HIGHLY SENSITIVE DOCUMENTS

## GENERAL PUBLIC ORDER REGARDING PROCEDURES FOR THE FILING, SERVICE AND MANAGEMENT OF HIGHLY SENSITIVE DOCUMENTS

Federal courts are updating their security procedures to uniformly protect highly sensitive documents (HSDs), a narrow subset of sealed documents that must, for their protection, be stored outside the court's electronic systems.

The court finds that, under Fed. R. Civ. P. 5(d)(3)(A) and Fed. R. Crim. P. 49(b)(3)(A), good cause exists to require parties to file HSDs, as defined in this order and the attached HSD Guidance, outside of the court's electronic filing system.

The court **ORDERS** that, effective the date of this order and until the court orders otherwise, HSDs must be filed subject to the procedures and requirements set forth below. This general order supersedes all inconsistent provisions in existing local rules or other general orders of this court.

## I.　　Highly Sensitive Documents Defined

A Highly Sensitive Document (HSD) is a document or other material that contains sensitive, but unclassified, information that warrants exceptional handling and storage procedures to prevent significant consequences that could result if such information were obtained or disclosed in an unauthorized manner. Although frequently related to law enforcement materials, especially sensitive information in a civil case also could qualify for HSD treatment.

HSDs vary in their physical form and characteristics. They may be paper, electronic, audiovisual, microform, or other media. The word "document" includes all recorded information, regardless of its physical form or characteristics.

    A. Examples of HSDs: Examples include *ex parte* sealed filings relating to national security investigations, cyber investigations, and especially

1

sensitive public corruption investigations; and documents containing a highly exploitable trade secret, financial information, or computer source code belonging to a private entity, the disclosure of which could have significant national or international repercussions.

B. Exclusions: Most materials currently filed under seal do not meet the definition of an HSD and do not merit the heightened protections afforded to HSDs. The form or nature of the document, by itself, does not determine whether HSD treatment is warranted. Instead, the focus is on the severity of the consequences for the parties, or the public should the document be accessed without authorization. Most presentence reports, pretrial release reports, pleadings related to cooperation in criminal cases, Social Security records, administrative immigration records, applications for search warrants, interception of wire, oral, or electronic communications under 18 U.S.C. § 2518, and applications for pen registers, trap and trace devices would not meet the HSD definition.

The fact that a party asks to file a document under seal or asks to restrict the document from public view does not automatically make that document an HSD. The fact that a document contains personal identifying information does not automatically make that document an HSD.

Any dispute about whether a document is an HSD must be resolved by the presiding judge or, when no presiding judge is assigned, the chief judge.

## II. Procedure for Filing HSDs

A. Responsibility for Determining Whether a Document is an HSD

The filing party has primary responsibility for determining whether a document is an HSD. This does not, however, preclude the court from determining on its own motion that a document is an HSD and treating it as one under this order.

B. Seeking Leave to File a Document as an HSD

  a. A party seeking to file a document as an HSD must file, in paper format, a motion for leave to file an HSD. The motion must be accompanied by a certification of the movant's good-faith belief that the material meets the HSD definition.

  b. The requesting party must articulate why HSD treatment is

2

warranted, including, as appropriate: the contents of the document; the nature of the investigation or litigation; and the potential consequences to the parties, the public, or national interests, in the event the information contained in the document is accessed or disseminated without authorization.

c. A motion for HSD designation must be accompanied by a proposed order.

d. The filing party must deliver the motion, supporting documents, and the proposed HSD to the clerk's office in paper format[1] along with a proposed order granting the motion for leave to file the HSD. The party must provide these documents to the clerk's office in a sealed envelope marking "HIGHLY SENSITIVE DOCUMENT" and bearing the case name and case number.

The clerk's office will file-stamp the paper copy of the motion, supporting documents, and the proposed HSD and maintain the documents in its secure, non-electronic filing system. The clerk's office will make an informational docket entry on the electronic docket confirming that the party filed the documents with the court.

e. The requesting party must serve the motion, supporting documents, and the proposed HSD directly on the other parties by nonelectronic means (paper or secure electronic device) or, when the Civil or Criminal rules permit or the court orders, upon the attorney representing the party.

## III. Order Granting HSD Designation

The judge assigned to the case (or, if that judge is not available, the chief judge) will review the motion and the HSD and either grant the motion or direct any other action the judge deems appropriate. The order granting leave to file an HSD (or the order directing some other action) will be filed on the court's electronic docket.

---

[1] In the *extremely* unusual case in which an HSD is too voluminous to practically provide on paper or is in a format that cannot be produced on paper, the filing party may contact the assigned judge's chambers to discuss how the party may submit the HSD.

An order granting a motion seeking HSD designation, or directing the filing of a document as an HSD on the court's own motion, must:

A. State the identity of the persons who are to have access to the documents without further order of court; and

B. Set forth instructions for the duration of HSD treatment. HSDs are stored temporarily or permanently offline as the situation requires. When designating a document as an HSD, courts must indicate when the designation will automatically lapse or when the designation should be revisited by the judicial officer. HSDs must be migrated as sealed documents to the court's electronic docketing system and unsealed, as appropriate, as soon as the situation allows.

If the court determines that a court order constitutes an HSD because it contains highly sensitive information, the clerk's office will file and maintain the order in its secure, non-electronic filing system and will serve paper copies of the order on the parties by U.S. mail.

## IV.  Safeguarding Internal Communication

Care must be taken in internal court communications regarding HSDs, including in notes and pre-decisional materials, not to include the protected substance of HSDs in any communication using the internet or a computer connected to a network.

## V.  Questions about HSD Filing Procedures

Parties should direct questions about how an HSD should be filed with the court under this general order to the clerk's office at 414-297-3372.

Dated in Milwaukee, Wisconsin this 8th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**